Kent J. Schmidt (SBN 195969)
*schmidt.kent@dorsey.com*
**DORSEY & WHITNEY LLP**
600 Anton Boulevard, Suite 2000
Costa Mesa, CA 92626-7655
Telephone: (714) 800-1400
Facsimile: (714) 800-1499

Mark A. Miller (*pro hac vice* to be filed)
*miller.mark@dorsey.com*
Elliot J. Hales (SBN 293535, *pro hac* vice to be filed)
*hales.elliot@dorsey.com*
**DORSEY & WHITNEY LLP**
111 S. Main St., Suite 2100
Salt Lake City, UT 84111
Telephone: (801)933-7360
Facsimile: (801)933-7373

*Attorneys for Plaintiff*
*Puzhen Life Co., Ltd.*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PUZHEN LIFE CO., LTD, a Hong Kong company,<br><br>Plaintiff,<br><br>vs.<br><br>ALPHEX, INC, d/b/a DAROMA LIFE, a California company,<br><br>Defendant. | CASE NO: _____<br><br>**COMPLAINT FOR:**<br><br>**(1) DESIGN PATENT INFRINGEMENT** and<br><br>**(2) TRADE DRESS INFRINGEMENT** |

COMPLAINT

Plaintiff Puzhen Life Co., Ltd. ("Puzhen" or "Plaintiff") hereby brings this action against Defendant Alphex, Inc., d/b/a DAROMA LIFE ("Defendant" or "Alphex") and alleges as follows:

### NATURE OF THE ACTION AND SUMMARY OF RELIEF SOUGHT

1. This action arises from Defendant's manufacture, use, sale, and offer of sale of essential oil diffusers featuring Plaintiff's designs through Defendant's website, https://www.daroma.us/ and also through at least www.amazon.com. Use of Plaintiff's designs without license or permission, as described herein, constitutes infringement of Plaintiff's trade dress and design patent rights. Plaintiff has been and continues to be irreparably damaged through Defendant's use of Plaintiff's designs and seeks injunctive and monetary relief.

### PARTIES

2. Puzhen is a Hong Kong company with its principle place of business in Shatin District, Hong Kong.

3. Alphex, Inc. is a California corporation doing business as DAROMA LIFE, with a principle place of business at either 3857 Schaefer Ave, Chino, CA 91710 or 2739 Pointe Coupee, Chino Hills, CA 91709. Both of these locations are within this judicial district.

### JURISDICTION AND VENUE

4. This Court has original subject matter jurisdiction over the claims in this action pursuant to the Patent Act, 35 U.S.C. § 1, et seq., 28 U.S.C. § 1338(a) and (b), and 28 U.S.C. § 1331.

5. This Court has personal jurisdiction over Alphex because it is incorporated and resides in this Judicial District and, on information and belief, has committed acts of infringement within this Judicial District.

6. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391 and 1400.

## FACTUAL BACKGROUND

7. Founded in Hong Kong in 1995, Puzhen has grown to become an industry-leading, international marketer and supplier of aroma diffusion products and accessories. Puzhen's products are enormously popular at least because of Puzhen's thoughtful approach to the appearance, operation, quality, and dependability of its innovative aroma diffusion products.

8. Puzhen products are distributed and sold throughout the United States, including through Puzhen's web site, www.puzhen.com. A picture of some of the aroma diffusion products available at www.puzhen.com are shown below.



**Puzhen Sha (large)**



**Puzhen Sha (small)**



**Puzhen Yun**

9. In addition to the aroma diffusion products above, each marketed under Puzhen's own brand name, Puzhen manufactures products which are sold under private labels. For example, the Young Living Aria™ is pictured below and is advertised at https://www.youngliving.com/en_US/products/aria-ultrasonic-diffuser. This product is the private label version of the Puzhen Yun.



### Young Living Aria™

10. Puzhen's aroma diffusion products are widely recognized by consumers by their unique designs. Aroma diffusion products fashioned with Puzhen's unique designs are associated with the quality and innovation that the public has come to expect from Puzhen. Puzhen uses these designs in connection with the marketing of its products, including the designs disclosed in U.S. Design Patent No. D553,231 (the '231 patent"), attached to this Complaint as **EXHIBIT 1**.

11. Puzhen is the lawful assignee of all right, title and interest in and to the '231 patent. The '231 patent was lawfully issued on October 16, 2007, listing Dong-Sheng Li as an inventor. Figures disclosing the patented design of the '231 patent are below



Fig.3 — **Front view**      Fig.7 — **Perspective view**

12. It is apparent, when comparing images of the Puzhen Yun and the Young Living Aria™ with the figures of the '231 patent, that the Yun and Aria™ products are the commercial embodiments of the design disclosed in the '231 patent.



| Puzhen Yun and Young Living Aria | Plaintiff's '231 Design |
|---|---|

**DEFENDANT'S INFRINGING ACTS—PATENT INFRINGMENT**

13. Defendant operates a fully interactive, commercial website located at www.daroma.us. Defendant also markets its products on www.amazon.com.

14. One of Defendant's aroma diffusion products is known as the "DAROMA Glass Essential Oil Diffuser" ("Defendant's Infringing Product"). This product is depicted below.

15.     Defendant is engaged in designing, manufacturing, importing, advertising, promoting, distributing, selling, and/or offering for sale Defendant's Infringing Product throughout the United States and in this judicial district.  Defendant offers its Infringing Product at least on its website at www.daroma.us and at www.amazon.com.  As of the date of the filing of this Complaint, Defendant offers the Infringing Product for sale at https://www.daroma.us/collections/diffuser/products/copy-of-glass-essential-oil-diffuser-wooden-base (**EXHIBIT 2**) and https://www.amazon.com/Daroma-Ultrasonic-Aromatherapy-Nebulizing-Humidifier/dp/B07VPRGR25/ref=sr_1_6?dchild=1&keywords=daroma+diffuser&qid=1614807429&sr=8-6 (**EXHIBIT 3**) and https://www.amazon.com/HiiTii-Ultrasonic-Essential-Diffuser-Humidifier/dp/B081WVZSBF/ref=sr_1_2?crid=1F56ZXHII9ZJA&dchild=1&keywords=hiitii+wood+base+ultrasonic+essential+oil+diffuser&qid=1614965104&sprefix=hiitii+wood%2Caps%2C382&sr=8-2 (**EXHIBIT 4**).

16.     Defendant's Infringing Product is a studied imitation of the Puzhen Yun and/or the Young Living Aria, and it infringes the ornamental design for an aroma diffuser disclosed in the '231 patent, as shown below.

| Defendant's Infringing Product | Plaintiff's '231 Design |
|---|---|
| (Daroma diffuser product photos: side view, side view in use, and top view) | Fig.3, Fig.7, and Fig.1 of the '231 design patent |

17. Upon information and belief, Defendant is well aware of the extraordinary success of Plaintiff's aroma diffuser designs and the high-quality products associated therewith.

18. Defendant, without any authorization, license, or other permission from Plaintiff, has used Plaintiff's patented designs in connection with the making, using, offering to sell, selling, or importing of Defendant's Infringing Product into the United States.

19. In January 2021, Plaintiff wrote a cease and desist letter to Defendant (*see* **EXHIBT 5)**, informing Defendant that its Infringing Product infringed the '231 patent, and Plaintiff described the basis for that allegation. That letter was delivered on January 12, 2021 (*see* **EXHIBIT 6**). To date, Defendant has not responded to this letter, nor has it ceased sale and offer of sale of Defendant's Infringing Product.

20. Since at least receipt of Plaintiff's cease and desist letter, Defendant's use of Plaintiff's designs in the making, using, offering to sell, selling, or importing of the Infringing Products is willful and/or in reckless disregard of Plaintiff's '231 patent rights.

21. Defendant's willful infringement of Plaintiff's designs in connection with the making, using, offering to sell, selling, or importing of Defendant's Infringing Product is irreparably harming Plaintiff.

22. Plaintiff is entitled to a preliminary injunction under 35 U.S.C. § 283 prohibiting Defendant from further making, using, importing, selling and offering for sale the Infringing Product, and any other product that infringes the '231 patent.

23. Plaintiff is entitled to recover all monetary damages caused by Defendant's infringing conduct under 35 U.S.C. § 284. Plaintiff is further entitled to Defendant's profits from its unlawful, infringing sales of Defendant's Infringing Products under 35 U.S.C. § 289.

24. Defendant's willful infringement entitles Plaintiff to enhanced damages and attorneys' fees and costs along with prejudgment interest under 35 U.S.C. §§ 284, 285.

## DEFENDANT'S INFRINGING ACTS—TRADE DRESS INFRINGMENT

25. To distinguish Puzhen's products from other aroma diffusion products, Puzhen's aroma diffusion products have consistently been and are uniquely configured. Puzhen's Yun and Young Living Aria™ aroma diffusion products are two examples of such uniquely configured products. As may be seen below, Puzhen's Yun and Young Living Aria™ aroma diffusion products include in combination, inter alia, a flat-topped and flat-bottomed convex base; this base is made of blond wood that has been finished for a smooth appearance; the wooden base has a flat, thick outer circumference; the products include a glass dome inset centrally within the circumference of the base and which extends in all directions to sit flush within the circumference of the base; a wide-mouthed, flanged aroma diffusion outlet; the outlet is oriented roughly 45 degrees above the plane of the top of the wooden base; an opaque, white plastic dome situated in the center of the aroma diffuser and beneath the glass dome; and the aroma diffusers' overall dimensions and shape.




26. The Puzhen Yun and Young Living Aria™ designs, including the elements listed above, are more than an assemblage of functional parts. They are combined in a manner that, individually and as a whole, constitute non-functional trade dress that is entitled to trade dress protection under the Lanham Act.

27. Puzhen has enjoyed considerable success in marketing its aroma diffusion products cloaked with this distinctive trade dress.

28. Through considerable investment, advertising, marketing, and sales, the public has come to know and associate products cloaked in Puzhen's trade dress as originating from a single manufacturer.

29. On information and belief, Defendant copied the design of Puzhen's Yun aroma diffuser and/or Young Living's Aria™ diffuser when it designed and manufactured Defendant's Infringing Products and presently market, advertise, offer for sale, and sell Defendant's Infringing Products.

30. As may be seen below, Defendant's Infringing Products infringe on Puzhen's trade dress and design rights by, inter alia, misappropriating the flat-topped and flat-bottomed convex base; the base made of blond wood that has been finished for a smooth appearance; the wooden base with a flat, thick outer circumference; a glass dome inset centrally within the circumference of the base and which extends in all directions to sit flush within the circumference of the base; a wide-mouthed, flanged aroma diffusion outlet; an outlet oriented roughly 45 degrees above the plane of the top of the wooden

base; an opaque, white plastic dome situated in the center of the aroma diffuser and beneath the glass dome; and the aroma diffusers' overall dimensions and shape.



31.  Defendant's copying of Puzhen's trade dress and design is an attempt to trade off the goodwill that Plaintiff has established manufacturing, marketing, and selling aroma diffusers cloaked its distinctive trade dress.

32.  By offering Defendant's Infringing Products for sale and selling the Infringing Products, Defendant infringes Puzhen's trade dress rights.  The trade dress of Defendant's Infringing Products—the total product and overall impression of the product, its size, shape, configuration, and design—has caused confusion and is likely to continue to cause confusion in the marketplace regarding whether Puzhen is the source of Defendant's Infringing Products, or whether Puzhen sponsors, endorses or is otherwise affiliated with Defendant's Infringing Products.

33.  On information and belief, Defendant knowingly and intentionally copied the trade dress and design of Puzhen's Yun and/or Young Living's Aria™ aroma diffusers in an attempt to take unfair advantage of and trade off the reputation and goodwill of Puzhen, which has been established since at least the introduction of the Puzhen Yun and Young Living Aria™ aroma diffusion products to the market.

34.  Puzhen has not licensed or approved Defendant's use or misappropriation of Puzhen's trade dress or design.

35. Since at least receipt of Plaintiff's cease and desist letter, Defendant's use of Plaintiff's designs in the making, using, offering to sell, selling, or importing of the Infringing Products is willful and/or in reckless disregard of Plaintiff's rights.

36. Defendant's willful infringement of Plaintiff's trade dress rights in connection with the making, using, offering to sell, selling, or importing of Defendant's Infringing Product is irreparably harming Plaintiff.

37. Plaintiff is entitled to a preliminary injunction prohibiting Defendant from further making, using, importing, selling and offering for sale the Infringing Product, and any other product that infringes Puzhen's trade dress rights.

38. Plaintiff is entitled to recover all monetary damages caused by Defendant's infringing conduct. Plaintiff is further entitled to Defendant's profits from its unlawful, infringing sales of products cloaked in Puzhen's trade dress.

39. Defendant's willful infringement of Puzhen's trade dress entitles Plaintiff to enhanced damages and attorneys' fees and costs along with prejudgment interest.

## FIRST CLAIM FOR RELIEF

### Patent Infringement of the '231 Patent Under 35 U.S.C. § 271

40. Plaintiff hereby re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs.

41. Defendant makes, uses, offers for sale, sells, and/or imports into the United States for subsequent sale or use Defendant's Infringing Product which infringes directly and/or indirectly the ornamental design claimed in the '231 Patent.

42. Defendant has infringed the '231 Patent through the aforesaid acts, and will continue to do so unless enjoined by this Court.

43. Defendant's wrongful conduct has caused Puzhen to suffer irreparable harm resulting from the loss of its lawful patent rights to exclude others from making, using, selling, offering for sale and importing the patented inventions.

44. Puzhen is entitled to injunctive relief pursuant to 35 U.S.C. § 283.

45. Puzhen is entitled to recover damages adequate to compensate for the infringement, including Defendant's profits pursuant to 35 U.S.C. § 289.

46. Puzhen is entitled to recover any other damages, enhanced damages, attorneys' fees, and costs as appropriate pursuant to 35 U.S.C. §§ 284, 285.

## SECOND CLAIM FOR RELIEF

47. **Trade Dress Infringement—Lanham Act § 43(a)** The foregoing paragraphs are incorporated by reference as if set forth here in full.

48. Based at least on its distinctive design, as well as extensive advertising, promotion, and sales of aroma diffusers in the United States, the consuming public accepts and recognizes the Puzhen trade dress, and it has become an asset of substantial value as a source identifier for Puzhen's innovative products, and its goodwill. As a result of Puzhen's efforts, customers associate the distinctive Puzhen product design with Puzhen.

49. Puzhen is the owner of all right and title to its distinct trade dress found in the Puzhen Yun and Young Living Aria™.

50. Puzhen is entitled to legal protection of its trade dress under § 43(a) of the Lanham Act, which trade dress include in combination, inter alia, a flat-topped and flat-bottomed convex base; the base being made of blond wood that has been finished for a smooth appearance; the wooden base having a flat, thick outer circumference; a glass dome inset centrally within the circumference of the base and which extends in all directions to sit flush within the circumference of the base; a wide-mouthed, flanged aroma diffusion outlet; an outlet oriented roughly 45 degrees above the plane of the top of the wooden base; an opaque, white plastic dome situated in the center of the aroma diffuser and beneath the glass dome; and the aroma diffusers' overall dimensions and shape.

51. Notwithstanding Puzhen's preexisting valid and enforceable rights in the Puzhen trade dress, Defendant used Puzhen's trade dress without license, permission, or approval. Defendants' unauthorized use of the Puzhen trade dress includes selling and offering for sale Defendants' Infringing Products in the United States, including on its website and on Amazon.com. In addition, Defendant has featured the Infringing Product design—which includes Puzhen's unique trade dress—prominently on its website and other marketing materials.

52. Defendant has so closely imitated and/or copied Puzhen's trade dress that there is a likelihood of confusion among the consuming public as to the source, origin, or sponsorship of Defendant's Infringing Products. The consuming public has believed and is likely to erroneously believe that Defendant's products come from Puzhen or are licensed or sponsored by Puzhen.

53. By using Puzhen's trade dress in Defendant's Infringing Products and related advertising, as alleged above, Defendant has infringed upon Puzhen's trade dress and goodwill.

54. On information and belief, Defendant's copying of Puzhen's trade dress was intentional, and in bad faith. Defendant intended to create aroma diffusion devices that are confusingly similar in appearance to Puzhen's aroma diffusion products and intended

to market its knockoff products in direct competition with Puzhen to consumers searching for Puzhen's products.

55. Defendant's Infringing Products and Puzhen's aroma diffusion products are strikingly similar, substantially duplicated, substantially identical, remarkably similar, essentially duplicated and/or closely imitated.

56. Defendant's acts of trade dress infringement have caused and continue to cause damages and injury to Puzhen.

57. Puzhen may recover for damages an award to compensate Puzhen for the injuries and damages it has sustained as a result of Defendants' conduct which violates § 43(a) of the Lanham Act.

58. Because Defendants' acts were intentional, willful, and/or deliberate, Plaintiffs are entitled to an award of treble damages under § 43(a) of the Lanham Act.

59. Puzhen is entitled to an award of Defendants' profits under the Lanham Act, 15 U.S.C. § 1117(a).

60. Puzhen is entitled to an award of pre-judgment interest for damages sustained as a result of the Defendant's wrongful conduct.

61. Defendant's wrongful, malicious, fraudulent, deliberate, willful, intentional and/or incredible conduct makes this case an exceptional case, entitling Plaintiff to an award of attorneys' fees and costs under the Lanham Act. 15 U.S.C. § 1117(a).

62. Puzhen has no adequate remedy at law, has suffered and continues to suffer irreparable harm as a result of Defendants' acts, and is therefore entitled to a preliminary and permanent injunction to enjoin Defendants' wrongful conduct.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief:

A. That Defendant, its officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under, or in active concert with them be temporarily, preliminarily, and permanently enjoined and restrained from:

1. importing, offering for sale, or selling any products not authorized by Puzhen

and that include any reproduction, copy or colorable imitation of Puzhen's trade dress and/or the designs claimed in the '231 patent;

2. aiding, abetting, contributing to or otherwise assisting anyone in infringing upon Puzhen's trade dress and/or the '231 patent; and

3. effecting assignments or transfers, forming new entities or associations or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in Subparagraphs (1) through (2) supra

B. That Defendant, within fourteen (14) days after service of judgment with notice of entry thereof upon it, be required to file with the Court and serve upon Plaintiff a written report under oath setting forth in detail the manner in which Defendant has complied with paragraph A, 1 through 2, supra;

C. Awarding Puzhen such damages as it shall prove at trial against Defendant that are adequate to compensate Puzhen for willful infringement of Puzhen's '231 patent, and all of the profits realized by Defendant, or others acting in concert or participation with it, from Defendant's unauthorized use and infringement of Puzhen's '231 Patent;

D. Awarding Puzhen such damages as it shall prove at trial against Defendant that are adequate to compensate Puzhen for willful infringement of Puzhen's trade dress rights, and all of the profits realized by Defendant, or others acting in concert or participation with it, from Defendant's unauthorized use and infringement of Puzhen's trade dress rights;

E. That Puzhen be awarded from Defendant, as a result of Defendant's willful use of the Puzhen's designs and trade dress, three times Puzhen's damages therefrom and three times Defendant's profits therefrom, after an accounting, pursuant to 35 U.S.C. § 284 and/or § 43(a) of the Lanham Act;

F. That Plaintiff be awarded its reasonable attorneys' fees and costs; and

G. Award any and all other relief that this Court deems just and proper.

DATED: March 10, 2021            DORSEY & WHITNEY LLP

By: _____
Kent J. Schmidt
Attorney for Plaintiff Puzhen Life Co., Ltd.

## DEMAND FOR TRIAL BY JURY

Plaintiff Puzhen Life Co., Ltd. demands a jury trial pursuant to Fed. R. Civ. P. 38(b) on all claims, defenses and counterclaims so triable.

DATED: March 10, 2021　　　　　DORSEY & WHITNEY LLP

By: _____
Kent J. Schmidt
Attorney for Plaintiff Puzhen Life Co., Ltd.